```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                    :
UNITED STATES OF AMERICA,           :
                                    :    PRELIMINARY ORDER OF
            -v-                     :    FORFEITURE AS TO
                                    :    SPECIFIC PROPERTY
JERRY KATZ,                         :
                                    :    08 Cr. 0072 (PAC)
            Defendant.              :
                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
```

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: AUG 2 6 2008

WHEREAS, on or about January 28, 2008, JERRY KATZ, (the "defendant") was charged in a two-count superseding Information, 08 Cr. 0072 (PAC) (the "Information"), with conspiring from in or about 1999 up to and including on or about August 2007 to distribute and possess with intent to distribute methaqualone, marijuana, and hydrocodone, in violation of 21 U.S.C. §§ 846, 812, 841(a)(1), 841(b)(1)(C), and 841(b)(1)(D) (Count One) and with possession with intent to distribute and distributing methaqualone on or about May 17, 2007, in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(C) (Count Two);

WHEREAS, the Information included a forfeiture allegation requiring the defendant to forfeit to the United States, pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds obtained directly or indirectly as a result of the offenses charged in Counts One and Two of the Information, including but not limited to the following:

      a)    At least $455,000 in United States currency, in

that such sum in aggregate is property representing the amount of proceeds obtained as a result of the offense charged in Counts One and Two fo the Information (the "Money Judgment"); and

    b)    All right, title and interest of the defendant in the following property:

    i.    All United States currency funds or other monetary instruments credited to account numbers 020-274998 and 3230651 in the name of Jerome Katz and Kresel Katz, located at JP Morgan Chase;

    ii.    All United States currency funds or other monetary instruments credited to account numbers 80-2158-0223, 8000-477-841 and 8000-115-2571, in the name of Jerome Katz dba Multi Sourcing Group and Jerome Katz, located at PNC Bank;

    iii.    All United States currency funds or other monetary instruments credited to account number 1101-4570-9344, in the name of Jerome Katz and Jason Katz, located at RBC Dain Rauscher;

    iv.    All United States currency funds or other monetary instruments credited to account numbers 367-98233-14, 367-30084-17 and 367-16105-11, in the name of Jerry Katz and Jason Katz, Jerry Katz and Eric Katz, and Jerry Katz, located at Spencer Winston Securities; and

    v.    All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 3 Colonial Way, Allentown, New Jersey, 08501, Block 47-3, Lot 56, Monmouth County, New Jersey, recorded in document 000000029298, Book 008440, Page 000042 of the real property records of Monmouth County, (hereinafter referred to collectively as the "Subject Property");

WHEREAS, on or about April 1, 2008, the defendant pled guilty, pursuant to a plea agreement with the Government, to Counts One and Two of the Information;

WHEREAS, in the plea agreement, the defendant agreed, *inter alia*, to the imposition of the Money Judgment and to forfeit to the United States all of his right, title and interest in the Subject Property;

WHEREAS, pursuant to 21 U.S.C. § 853(g), the United States is, by virtue of said guilty plea, now entitled, pending any assertion of third-party claims, to reduce the Subject Property to its possession and to notify any and all potential purchasers and transferees thereof of its interest therein;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. The aforementioned Subject Property, with the exception of any interest in real property, is to be seized pursuant to this Preliminary Order of Forfeiture and is to be held thereafter by the United States Marshals Service (or its designee) in its secure custody and control. Any and all financial institutions shall turn over property ordered forfeited to and as directed by the United States Marshals Service.

2. Pursuant to 21 U.S.C. § 853(n)(1) and 18 U.S.C. § 982(b)(1), the United States Marshals Service forthwith shall publish at least once for three successive weeks in a newspaper of general circulation, notice of this order, notice of the United States' intent to dispose of the Forfeited Funds in such manner as the Attorney General may direct and notice that any

person, other than the defendant, having or claiming a legal interest in the Forfeited Funds must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

3. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Subject Property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the Subject Property and any additional facts supporting the petitioner's claim and the relief sought.

4. Pursuant to Rule G(4)(a) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least 30 consecutive days. Any person, other than the defendant(s) in this case, claiming interest in the Subject Property must file a Petition within 60 days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier, pursuant to Rule G(5) of the Supplemental

Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Subject Property and any additional facts supporting the petitioner's claim and the relief sought, pursuant to 21 U.S.C. § 853(n).

5. The United States may also, to the extent practicable, provide direct written notice to any person known to have an alleged interest in the Subject Property that is the subject of this Order of Forfeiture, as a substitute for published notice as to those persons so notified.

6. Upon adjudication of all third-party interests, this Court will enter a final order of forfeiture pursuant to 21 U.S.C. § 853(n) and 18 U.S.C. § 982(b)(1), in which all interests will be addressed.

7. The United States District Court shall retain jurisdiction in this case for the purpose of enforcing this order.

8. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Preliminary Order of Forfeiture the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of

the property, including depositions, interrogatories, requests for production of documents and to issue subpoenas, pursuant to Rule 45 of the Federal Rules of Civil Procedure.

9. The Clerk of the Court shall forward three certified copies of this order to Assistant U.S. Attorney Sharon Frase, One St. Andrews Plaza, New York, New York, 10007.

Dated: New York, New York
August 24, 2008

SO ORDERED:

HONORABLE PAUL A. CROTTY
UNITED STATES DISTRICT JUDGE